State ex rel. Baxter v. Carlson, 184 Wis. 233.

---

STATE EX REL. BAXTER, Respondent, vs. CARLSON, Appellant.

*May 7—June 3, 1924.*

*Schools: Appointment of commissioners in city of Superior.*

A school commissioner of the city of Superior is to be appointed by the mayor subject to confirmation by the common council, this being the method of appointment provided in the special city charter in effect in 1912 when it adopted the commission form of government.  p. 235.

APPEAL from a judgment in an action of *quo warranto* brought in the circuit court for Douglas county: W. R. FOLEY, Circuit Judge. *Affirmed.*

The action was brought to test the right of *Runo Carlson* to the office of school commissioner of the city of Superior. The court adjudged that said *Carlson* had unlawfully intruded into said office, and entered judgment excluding him therefrom.

For the appellant there was a brief by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *C. J. Hartley.*

For the respondent there was a brief by *Steele & Tipton* of Superior, and oral argument by *W. M. Steele.*

CROWNHART, J.    The city of Superior, at all times in question, was a city of the second class.    It existed under a special charter (ch. 124, Laws 1891) until 1912, when it adopted the commission form of government (ch. 387, Laws 1911) under which it thereafter operated.    Sec. 176, ch. 124, Laws 1891, provided:

"The board of education shall consist of one commissioner from each ward of the city of Superior, to be appointed by the mayor and confirmed by the common council of said city. . . ."

This provision applied to the city of Superior at the time it adopted the commission form of government.    The commission form of government is now found in ch. 63, Stats. Sub. (1), sec. 63.03, provides:

"Any law applicable to any city before its reorganization and not inconsistent with the provisions of this chapter, shall apply to and govern such reorganized city."

And sub. (4), sec. 63.12, of the commission law, as amended by ch. 226, Laws 1919, specially provides that—

"All boards and commissions in any city of the second class under commission form of government shall continue to be elected or appointed as provided by law at the time when said city adopted such commission form, and shall continue to have and exercise all the authority they then possessed.    Any such board or commission, excepting the board of education and the board of police and fire com-

missioners, may be dispensed with or changed in membership by a vote of the people held in the manner provided by section 10.43."

So it will be seen that the provisions of law applicable to the city of Superior in 1923 specially provided that the board of education in that city should be selected in the manner provided by the special charter existing at the time the city adopted the commission form of government in 1912; hence the commissioners were to be appointed by the mayor subject to confirmation by the council. In 1921, by ch. 242 of the laws of that year, a general charter law was passed and all special charters for cities of the second class were repealed. However, the commission plan of government was not repealed but remained as above quoted, and still is the law.

The commissioners of the city of Superior, by a majority vote, in 1922, in form passed an ordinance providing that the commissioners of education should be elected by the common council, and thereafter, in 1923, by a majority vote, in form elected the appellant, *Runo Carlson,* a member of the board of education. The commissioners had no power to provide by ordinance for the election of commissioners of education. The statutes then required that the commissioners of education should be appointed by the mayor, subject to confirmation of the council. That being so, the action of the commissioners in attempting to pass the ordinance and in attempting to select the appellant as a commissioner of education was wholly void and of no effect.

*By the Court.*—The judgment of the circuit court is affirmed.